UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**DAQUAN T. LEWIS,**

                *Plaintiff,*

  v.

**THE DISTRICT OF COLUMBIA,** *et al*.

                *Defendants.*

Case No. 20-cv-02241 (ABJ)

## **PROPOSED ORDER**

Upon consideration of Plaintiff's Application for a Preliminary Injunction, any Opposition, and the entire record herein, it is hereby ORDERED that the Application is GRANTED. The Court finds that Mr. Lewis is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *See Winter v. NRDC, Inc*., 555 U.S. 7, 20 (2008); *see also Gordon v. Holder*, 721 F.3d 638, 644 (D.C. Cir. 2013) (same).

For these reasons, it is hereby ORDERED that a preliminary injunction is entered against the Defendants as follows:

(1) Defendants must immediately refrain from conducting investigative stops of Daquan Lewis without reasonable suspicion, in accordance with the law as set forth and clarified in the Court's Opinion.

    a. To summarize, an investigative stop occurs whenever a reasonable person would believe they are not free to leave. This includes where physical force is used to restrain movement, or a person submits to an officer's show of authority. For example, an MPD officer requiring Mr. Lewis to remain in place and reveal whether he has a gun, in such a way that a reasonable person would not feel free to leave, would constitute a stop.

    b. To have reasonable suspicion, an officer "must be able to point to specific and articulable facts which, taken together with rational inferences from those

      facts, support a reasonable and articulable suspicion that the person seized is engaged in criminal activity" at the time of the stop. *United States v. Delaney*, 955 F.3d 1077, 1081 (D.C. Cir. 2020) (citation omitted).  Defendants are specifically instructed that the following facts—while permissible considerations in determining whether reasonable suspicion exists—are not in themselves sufficient to establish reasonable suspicion, either individually or in conjunction:

        i. Mr. Lewis possessing a concealed carry license.
        ii. Mr. Lewis possessing a lawfully registered and carried firearm.
        iii. Mr. Lewis walking in what police consider a high-crime neighborhood.
        iv. Mr. Lewis being African-American.
        v. Mr. Lewis declining to speak with police, or declining to disclose whether he has a firearm.
        vi. MPD's belief that Mr. Lewis has carried his firearm incorrectly in months past.

(2) Defendants must immediately refrain from searching Mr. Lewis's property—to include his car—solely based on suspicion that Mr. Lewis is in lawful possession of firearms or firearm paraphernalia.  Defendants do "not have reasonable suspicion," much less probable cause, merely because they suspect "gun possession, which is lawful" in Mr. Lewis's case. *See United States v. Watson*, 900 F.3d 892, 893 (7th Cir. 2018).

(3) Defendants William Fitzgerald and Peter Newsham are ordered to inform all MPD staff in the Fifth District of the Court's ruling along with the specific examples regarding Mr. Lewis, and instruct them to abide by it, within 7 days of the Court's Order..  Counsel for all parties shall file a Joint Status Report 7 days thereafter.

SO ORDERED, this ___ day of _____, 202_.

 

                                                        _____

                                                          U.S. District Judge

Copies to all parties by CM/ECF.