UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DAQUAN T. LEWIS,**<br><br>*Plaintiff,*<br><br>v.<br><br>**THE DISTRICT OF COLUMBIA,** *et al.*<br><br>*Defendants.* | Case No. 20-cv-02241 (ABJ) |

### RESPONSE TO ORDER TO SHOW CAUSE

Pursuant to the court's Minute Order to Show Cause issued today, September 14, 2021, Plaintiff Daquan Lewis respectfully states the following:

1. Counsel for the Plaintiff apologizes for the lack of clarity in Count II of the Complaint. The statutory basis for Count II is 42 U.S.C. § 1983. It was an unfortunate scrivener's error to omit that fact from the title of Count II.

2. In paragraph 7 of the Complaint, the Plaintiff specifies that this action "arises under the Civil Rights Act of 1871 (42 U.S.C. § 1983)" and that paragraph is incorporated "as if fully set forth" into Count II, in paragraph 85. Although not ideal, it is Plaintiff's position that the Complaint thus identifies 42 U.S.C. § 1983 as the basis for Count II's claims against all defendants.

3. Plaintiff has conferred with Defendants and has permission to state the Defendants' position: "plaintiff does not need to amend the Complaint to clarify the statutory basis for Count II." Plaintiff agrees and asks for the sake of judicial efficiency that the pending Motions be decided with the current complaint and briefs. If the Court believes that the statutory basis remains insufficiently clear, Plaintiff seeks leave to amend.

4. Furthermore, this is an appropriate jurisdictional basis for a Second Amendment claim.

This Court has jurisdiction of Count II pursuant to 28 U.S.C. §§ 1331 (federal question), and 1343 (civil rights), each of which are cited in Complaint ¶ 7 and incorporated in ¶ 85.

5. For example, in 2017, the D.C. Court of Appeals granted a permanent injunction based on a Second Amendment challenge utilizing 42 U.S.C. § 1983 as its basis.  *Wrenn v. District of Columbia*, 864 F.3d 650, 668 (2017) ("We … remand with instructions to enter permanent injunctions against enforcement of the District's good-reason law."); *Wrenn v. District of Columbia*, 107 F. Supp. 3d 1, 3 (D.D.C. 2015) ("Plaintiffs filed their complaint in this 42 U.S.C. § 1983 action on February 3, 2015.")

6. Accordingly, Plaintiff again apologizes for the mistake, and asks the Court to find that it has jurisdiction to consider Count II.

        Respectfully submitted,

**DAQUAN LEWIS**

    */s/ K. Craig Welkener*
K. Craig Welkener, Esq. #1033585
Timothy P. Bosson, Esq. #1029002
Robert Rose, Esq. #1029004
BOSSON LEGAL GROUP, PC
8300 Arlington Blvd., Ste. B2
Fairfax, VA  22031
Ph: (571) 775-2529
Fax: (571) 775-2521
tbosson@bossonlaw.com
cwelkener@bossonlaw.com
rrose@bossonlaw.com
*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I certify that on September 14, 2021, I will electronically file the foregoing Response with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to all parties of record, including the following:

ANDREW J. SAINDON
MICAH BLUMING
400 Sixth Street, N.W., Suite 10100
Washington, D.C. 20001
(202) 724-6643
(202) 730-1470 (fax)
andy.saindon@dc.gov
micah.bluming@dc.gov

*Counsel for Defendants*

                                                */s/ K. Craig Welkener*
                                                 K. Craig Welkener